IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 017-00177-KD-MU |
| | ) |
| SHELTON TERRELL PETERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Shelton Terrell Peters' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) "for an order reducing his sentence to time served, or alternatively home detention" (doc. 68). The Court construes the alternative motion as a motion for relief under the Coronavirus Aid, Relief and Economic Security Act (CARES Act)[1] (Id). The United States has filed its response and exhibits (doc. 72), and Peters has filed requests for judicial notice (docs. 73, 74). Upon consideration, and for the reasons set forth herein, the Motions are DENIED.

I. Background

Peters has two cases in this Southern District of Alabama. In 2004, he was indicted for the offenses of conspiracy to possess with intent to distribute crack cocaine (Count 1), possess with intent to distribute crack cocaine (Count 2) and distribution of crack and cocaine (Counts 3 and 4). United States v. Peters, Criminal Action No. 04-00267-KD-D (S.D. Ala. 2004).  He pled guilty to Count 1 and was sentenced to 151 months (doc. 26).  In 2008, his sentence was reduced to 121 months pursuant to Amendment 706 to the U.S. Sentencing Guidelines which reduced the guideline ranges for certain quantities of crack cocaine, such that his base offense level was reduced by two

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

levels. In 2011, his sentence was reduced again to 120 months pursuant to Amendment 750 to the U.S. Sentencing Guidelines which reduced the guidelines ranges for certain quantities of crack cocaine.

Peters was released from prison and his five-year term of supervised release began on September 6, 2013. In April 2014, a petition for warrant or summons for offender under supervision was filed (doc. 232, under seal). Among other violations, Peters was arrested by the City of Mobile Police Department and charged with possession of cocaine. In May 2014, his term of supervised release was revoked, and he was sentenced to imprisonment for 30 months with 30 months of supervised release to follow (doc. 51).

His second term of supervision began July 1, 2016. However, in August 2017, Peters and his co-defendant were indicted for four counts of possession with intent to distribute methamphetamine. United States v. Peters, Criminal Action No. 17-00177-KD-MU (S.D. Ala. 2017). The United States filed a notice of enhancement referencing two prior convictions: possession of cocaine in Mobile County Circuit Court, Criminal Action No. CC97-001543, and United States v. Peters, Criminal Action No. 04-00267-KD-D (S.D. Ala. 2004) (doc. 15). Pursuant to a written plea agreement, Peters pled guilty to Count 4 of the Indictment. The United States also filed a motion for downward departure below the statutory minimum and the motion was granted.

The sentencing hearings for Peters' cases were held on January 18, 2019. Peters' term of supervision in Criminal Action No. 04-00267-KD-D was revoked, and he was sentenced to 37 months, to serve concurrent with the sentence for his new federal case, Criminal Action No. 17-00177-KD-MU. In that action, Peters was sentenced to 60 months, to serve concurrent with the revocation sentence. A five-year term of supervised release was imposed.

---

therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Peters is now incarcerated at FCI Coleman-Low, in Sumterville, Florida. His estimated release date is December 9, 2021. According to the Federal Bureau of Prisons website, as of October 22, 2020, no inmates are Covid-19 positive, but twenty-one staff members are positive, one inmate and one staff member have died, two-hundred and six inmates have recovered, and eleven staff members have recovered. https://www.bop.gov/coronavirus/

II. Exhaustion

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. The United States does not dispute that Peters properly exhausted his administrative remedies before filing his motion (doc. 72, p. 6-9).

III. Compassionate Release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act, the Sentencing Commission promulgated the following Policy Statement, which sets forth in relevant part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. [2]

---

[2] Subparagraph (1)(B) applies to prisoners who are 70 years or older and have served at least 30 years in prison. Since Peters is 44 years old, this Policy Statement does not apply.

The Commentary to the Policy Statement includes criteria for four examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A). The United States argues that the only criteria applicable to Peters is found in Application Note 1(D), which "allows for release if other 'extraordinary and compelling' reasons exist" (doc. 72, p. 9) (citing U.S.S.G. § 1B1.13 cmt. n. 1(D)).  Application Note 1(D), provides that the Court may consider whether, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13 cmt. n. 1(D).

The United States asserts that "Peters appears to argue that the 'extraordinary and compelling' reasons for his release are his pre-existing health conditions coupled with the current COVID-19 pandemic". (Id., p. 10). The United States, relying upon the Warden's denial and the Medical Officer's concurrence in the denial, argues that Peters' medical conditions do not meet the criteria even with the presence of Covid 19. (Id., p. 10-11).

In that regard, Peters states that he has "type-2 diabetes, high blood pressure, hypertension, and obesity" and that these "crippling and debilitating conditions create a compelling reason for compassion" which is magnified by the presence of Covid 19 (doc. 68, p. 5).  Peters argues that the Centers for Disease Control and Prevention has found that obesity and hypertension are the most common comorbidities in patients hospitalized with Covid-19 and that African Americans, such as Peters, face a disproportionately severe risk of death if infected with Covid 19 (Id., p. 5-6). He argues that his race and "health problems place him in the group of individuals which have the highest mortality rate when infected by the virus" and that the crowded, communal living conditions which prevent social distancing and facilitate transmission of Covid 19, create a life-threatening risk of infection (doc. 68, p. 6-7).

Also, Peters' could possibly fall within the criteria of Application Note 1(A)(ii)(I),[3] which provides that a defendant's physical or medical condition may qualify if certain criteria are met. Specifically, if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

The CDC has established guidelines which are found at *Centers for Disease Control, At Risk for Severe Illness,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last revised October 22, 2020). Hypertension or high blood pressure is not listed in this website. However, the CDC states that

> Having obesity, defined as a body mass index (BMI) between 30 kg/m and < 40 kg/m or severe obesity (BMI of 40 kg/m or above), increases your risk of severe illness from COVID-19. Having overweight, defined as a BMI > 25 kg/m but less than 30 kg/m might increase your risk of severe illness from COVID-19.

> Having type 2 diabetes increases your risk of severe illness from COVID-19. Based on what we know at this time, having type 1 or gestational diabetes may increase your risk of severe illness from COVID-19.

In some cases, the United States has conceded that inmates qualify for consideration for compassionate release during the Covid-19 outbreak where their BMI is within the ranges identified by the CDC. See United States v. Tubbs, No. CR 2:14-00135-KD-N, 2020 WL 5733199, at *5 (S.D. Ala. Sept. 24, 2020) (the "United States agrees that during the Covid 19 pandemic, his BMI

---

[3] Peters does not allege that he has a terminal illness as defined in Application Note 1(A)(i). He does not allege that he is "suffering from a serious functional or cognitive impairment" or that he is "experiencing deteriorating physical or mental health because of the aging process[.]" He does not allege that his family circumstances meet the criteria in Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) & (ii)(II)(III), (B) & (C).

presents '"a serious physical or medical condition ... that substantially diminishes"' his ability to provide self-care and from which he is not expected to recover" ) (footnote omitted); United States v. McIntosh, No. 04-21018-CR-COHN, DE 412 (S.D. Fla. Jul. 6, 2020) (same).  The United States did not make such a concession in this action.

However, even if Peters meets his burden to show extraordinary and compelling reasons which warrant a sentence reduction under either Application Note 1(A)(i) or 1(D), the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a).").

The Court has considered Peters' history and characteristics and the nature and circumstances of his offenses and finds that these factors do not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1).  As more specifically set out herein, in 2004 Peters was convicted for the offense of conspiracy to possess with intent to distribute crack cocaine. After release from prison, and while on conditions of supervision, he committed another drug-related offense, possession of cocaine.  He served 30 months in prison.  After release from prison, and while on conditions of supervision, he was indicted in 2017 for possession with intent to distribute methamphetamine.  His criminal history also includes a 1997 conviction for possession of cocaine, which in combination with his 2004 conviction, formed the basis for the United States' notice of enhancement in 2017.[4]  In view of the above, the likelihood of recidivism is high.

Therefore, in this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from

---

[4] Peters also has convictions for harassment, domestic violence 3rd degree, reckless endangerment, assault 3rd degree, minor in possession of alcohol, public intoxication, false reporting to law

further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Peters' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

    IV.  CARES Act

Previously, the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (as amended by the First Step Act of 2018, Pub. L. 115-391, Title I, § 102(b)(1), Title VI, § 602, 132 Stat. 5210, 5233, 5238) (effective Dec. 21, 2018). Additionally, the statute required that the Bureau of Prisons "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Id.

Under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516,, effective March 27, 2020, the BOP Director is permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[5]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that

---

enforcement, use or possession of drug paraphernalia, and negotiating worthless instruments (doc. 34, Presentence Investigation Report, sealed).

[5] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United

8

COVID-19 is materially affecting operations." *Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to direct the BOP to consider an inmate for home confinement or direct the BOP to place an inmate in home confinement. Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement".  Therefore, to the extent that Peters' motion could be construed as motion pursuant to the CARES Act, the motion is DENIED. See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

**DONE** and **ORDERED** this 23rd day of October 2020.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

---

States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).